IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE DEMARCO,<br>  Plaintiff,<br><br>vs.<br><br>PENNSYLVANIA STATE CORRECTIONS<br>OFFICERS' ASSOCIATION RETIREMENT<br>PLAN,<br>  Defendant. | Civil Action No. 12-242<br>Judge Fischer<br>Magistrate Judge Mitchell |

## REPORT AND RECOMMENDATION

I. Recommendation

It is respectfully recommended that the motion to dismiss the amended complaint filed on behalf of the defendant (ECF No. 20) be granted.

II. Report

Plaintiff, Diane DeMarco, brings this suit against Defendant, Pennsylvania State Corrections Officers' Association Retirement Plan ("the Plan"), asserting claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1100-1145 (ERISA). She alleges that she was not paid all of her benefits under a pension plan and that the Plan failed to provide her with requested information concerning her claim.

Currently pending before the Court is a motion to dismiss, filed on behalf of the Defendant. For the reasons that follow, the motion should be granted.

Facts

Plaintiff was employed by the Commonwealth of Pennsylvania as a corrections officer, either at the State Correctional Institution in Greene County or the State Correctional Institution in Mercer County. She began her employment on May 1, 1996. As a result of her employment, she was a member of the Pennsylvania State Corrections Officers' Association (PSCOA). In

addition, she was employed full-time as a business agent by the PSCOA, beginning on or about October 1, 2001 through on or about July 1, 2007. (Am. Compl. ¶¶ 6-8.)[1] Plaintiff terminated service with PSCOA on July 1, 2007. As a result of her employment by the PSCOA, she became entitled to benefits under the Plan. (Am. Compl. ¶ 9.)

On or about May 11, 2009, Plaintiff met with Sam Brezler, who was secretary-treasurer of PSCOA at the time, and he asked her why she was not getting her pension. Sometime thereafter, she spoke with a woman from the Plan, whose identity is unknown, who told her that she should be receiving benefits retroactive to the date of her 50th birthday, which was on February 12, 2009. Nonetheless, she has received benefits only since November 2009, including a check for October 2009. In addition, her monthly benefits were in the amount of $751.00, when she alleges they should have been $1,022.00 per month. (Am. Compl. ¶¶ 10-13.)

She bases her allegations on Article IX of a 2006 Summary Plan Description (SPD) of the Plan, pertaining to Retirement Benefits and Distributions. Part A provides as follows:

> Your Basic Normal Retirement Benefit is payable at your Normal Retirement Date, even if you continue to work. You may defer payment until the later of April 1 following the year in which you actually retire or reach age 70½. If you work beyond your Normal Retirement Age, you will continue to fully participate in the Plan. Certain adjustments will be made to your Accrued Benefit if you work beyond your Normal Retirement Age.

(Am. Compl. ¶ 14.) See ECF No. 20 Ex. 1 at 6, § IX(A). Part B provides as follows:

> Retirement benefits are, generally, not payable prior to your separation from service with the Employer or reaching Normal Retirement Age, except as indicated above.

(Am. Compl. ¶ 14.) However, Defendant notes that the SPD defines "Normal Retirement Date" as:

> The date on which your retirement benefits will begin unless an earlier or later

---
[1] ECF No. 19.

payment date is allowed and elected. Your Normal Retirement Date will be the
first of the month coinciding with or next following the date your attain Normal
Retirement Age.

(ECF No. 20 Ex. 1 at 4, § III(P).)[2] And "Normal Retirement Age" is defined as:

The attainment of age 62, or if later, after 5 Benefit Years in the Plan. Your
Normal Retirement Age may not be later than 65, or if later, the fifth anniversary
of the first day of the Plan Year during which you entered the Plan.

(Id. at 3, § III(O).) The SPD states that: "You will be entitled to your full Basic Normal

Retirement Benefit provided you remain employed to your Normal Retirement Age." (Id. at 2

§ III(D).)

On the other hand, "Early Retirement" is defined as follows:

You may retire early upon your attainment of age 50 and completion of 3 Vesting
Years and 5 Benefit Years. If you terminate employment after completing three
(3) Vesting Years and five (5) Benefit Years but before attaining the required age,
you may elect Early Retirement after attaining the required age. If you qualify for
Early Retirement as defined above, you will be entitled to early retirement
benefits.

(Id. at 3 § III(*I*).) "Time of Payment" is defined as follows:

If you retire, become disabled, or die, pension payments will be effective with the
first day of the month after your application and completion of any benefit
election and spousal waiver forms or the deadline for their submission. Actual
payment will start as soon as administratively feasible following the date on
which a distribution is requested by you or is otherwise payable.

(Id. at 8, § IX(G).)

The method of calculating early retirement benefits is set forth in the Plan Adoption

Agreement as "the Actuarial Equivalent … of the Participant's Accrued Benefit as determined as

of his or her early retirement date." (ECF No. 20 Ex. 4 at 18.) Plaintiff terminated service with

---

[2] As explained below, although Plaintiff has not attached the SPD to the Amended Complaint,
she attached it to the original complaint and her claims arise out of it. Thus, it was appropriate
for Defendant to attach it to the motion to dismiss and it may be referred to without converting
the motion into a motion for summary judgment.

PSCOA on July 1, 2007, as indicated in her Participant Distribution Election. (ECF No. 20 Ex. 3.)

Plaintiff also states that, since at least October 5, 2010, her attorney has been seeking information from Defendant concerning her claim, but neither PSCOA nor its then president, Roy Pinto, has ever responded to counsel's letter. (Am. Compl. ¶¶ 20-21.) Defendant has supplied this letter, which was attached to the original complaint as Exhibit 3. Defendant notes that the October 5, 2010 letter does not "seek information," but rather asserts the allegations Plaintiff is making herein and requests that PSCOA make a check payable to her in the amount Plaintiff asserts she is owed for her "normal retirement." (ECF No. 20 Ex. 5.)

Procedural History

Plaintiff filed the complaint on February 27, 2012 (ECF No. 1). On August 28, 2012, Defendant filed a motion to dismiss (ECF No. 5). After several motions for extension of time were granted, Plaintiff's response was due on November 30, 2012, but was not filed. An order was entered on December 12, 2012, directing Plaintiff to show cause why the motion to dismiss should not be granted as unopposed (ECF No. 14). Plaintiff filed a response along with a motion for leave to file an amended complaint, which was granted. The Amended Complaint was filed on January 7, 2013 (ECF No. 19).

The Amended Complaint is identical to the original complaint, except that it does not cite or attach Exhibits 1-3 and it includes the affidavit of Donald McNany, as explained below. Federal question jurisdiction is invoked for the ERISA claims, 29 U.S.C. § 1132(e). Count I alleges a claim of failure to pay benefits in violation of 29 U.S.C. § 1132(a)(1)(B). Count II alleges a claim of failure to provide information in violation of 29 U.S.C. § 1132(c)(1).

On January 18, 2013, Defendant filed a motion to dismiss the Amended Complaint (ECF

No. 20).

Standard of Review

The Supreme Court has issued two decisions that pertain to the standard of review for a motion to dismiss for failure to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12(b)(6). The Court held that a complaint must include factual allegations that "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). In determining whether a plaintiff has met this standard, a court must reject legal conclusions unsupported by factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" "labels and conclusions;" and "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (citations omitted). Mere "possibilities" of misconduct are insufficient. Id. at 679. District courts are required to engage in a two part inquiry:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions…. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show the plaintiff has a "plausible claim for relief." … In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

"Although a district court may not consider matters extraneous to the pleadings, 'a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.'" U.S. Express Lines, Ltd. v.

5

Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997)). Thus, the documents which were attached to the original complaint (the SPD, the Annual Benefit Statement as of January 1, 2007 and the October 5, 2010 letter), which Defendant has attached to its motion to dismiss, and upon which the Amended Complaint relies may be considered without converting the motion into a motion for summary judgment.[3] Plaintiff explicitly states that she does not dispute the authenticity of these documents. (ECF No. 23 at 4.) In addition, Defendant has supplied Plaintiff's Participant Distribution Election and the Adoption Agreement, effective August 22, 2002. (ECF No. 20 Exs. 3, 4.) Plaintiff has not disputed that these documents are authentic and they are integral to her claims. Therefore, the Court may consider them without converting the motion into a motion for summary judgment.

ERISA provides that a civil action may be brought:

(1) by a participant or beneficiary—

. . .

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

29 U.S.C. § 1132(a)(1)(B). ERISA also provides that:

> (1) Any administrator (A) who fails to meet the requirements of paragraph (1) or (4) of section 1166 of this title, section 1021(e)(1) of this title or section 1021(f), or section 1025(a) of this title with respect to a participant or beneficiary, or (B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after

---

[3] Defendant also notes that ERISA requires plan administrators to furnish Summary Plan Descriptions and statements of accrued benefits. 29 U.S.C. §§ 1021, 1022, 1024, 1025(a)(1)(B)(i).

6

such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper. For purposes of this paragraph, each violation described in subparagraph (A) with respect to any single participant, and each violation described in subparagraph (B) with respect to any single participant or beneficiary, shall be treated as a separate violation.

29 U.S.C. § 1132(c)(1).

Defendant argues that the allegations of the Amended Complaint are directly contradicted by the documents it attaches to its motion to dismiss. Specifically, it argues that: 1) Plaintiff was only entitled to early retirement benefits, not full retirement benefits, because she retired prior to age 62; 2) she is not entitled to benefits retroactive to March 1, 2009, but appropriately began receiving them as of October 1, 2009; and 3) she did not request information in the letter.

In her brief in response, with respect to Count II, Plaintiff states that:

> Admittedly, this letter never says in so many words, "Please send me the following documents." However, construing this letter liberally, and ERISA is certainly a statute which must be construed liberally in favor of employees, it certainly requests an explanation of why plaintiff was not entitled to benefits in the amount she sought and at the time she sought them. Certainly, the fact that [the] letter did not literally request any documents was no excuse for PSCOA to ignore the letter altogether. See paragraph 21 of the amended complaint. Thus, plaintiff would respectfully request that the Court deny defendant's motion to dismiss Count II of the complaint.

(ECF No. 23 at 6.) Plaintiff has not explained how "requesting an explanation" of why certain benefits were not paid states a claim separate and apart from the claim for those unpaid benefits. She certainly cites no authority in support of this argument. Therefore, with respect to Count II, the motion to dismiss should be granted.

In Count I, Plaintiff requests, inter alia, that Defendant "begin paying plaintiff retirement benefits in the amount stated in the Annual Benefit Statement as of January 1, 2007, or as set forth in a more recent benefit statement, which plaintiff has not yet received." (Am. Compl. at 4,

7

Count I ad damnum clause.) Defendant has supplied the Annual Benefit Statement as of January 1, 2007, which stated that her monthly Normal Retirement Date benefits were estimated at $1,022.00, but her estimated accrued monthly retirement benefit earned as of that date was $705.05. (ECF No. 20 Ex. 2.)[4] Defendant notes that the statement's listing of March 1, 2009 as Plaintiff's "Normal Retirement Date" is incorrect. Rather, this is the date Plaintiff would have reached eligibility for early retirement as it is the beginning of the month immediately following her 50th birthday, which occurred on February 12, 2009.

Defendant argues that the documents clearly demonstrate that Plaintiff, who terminated service to PSCOA at age 48, became eligible only for early retirement benefits when she reached age 50 on February 12, 2009; that the amount she received consisted of the estimated benefit earned as of January 1, 2007 ($705.05), plus the small additional amount she accrued for the six months she worked thereafter until she terminated service on July 1, 2007; and that therefore, according to the calculation of the actuarial equivalent of her accrued benefit as explained in the Adoption Agreement, she is appropriately receiving $751.00 per month.

Plaintiff has not responded to this argument. Defendant has demonstrated that Plaintiff cannot state a claim for Normal Retirement Benefits of $1,022.00 per month because she terminated service at age 48, then she became eligible for early retirement benefits in the amount of $751.00 per month two years later when she attained age 50.

Plaintiff claims that the Plan owes her monthly pension benefits retroactive to March 1, 2009, the first day of the month immediately following attainment of her 50th birthday. Defendant responds that the SPD specifically identifies the time at which payments will begin as the first day of the month after a participant submits an application and completion of any benefit

---

[4] Plaintiff had attached this document as Exhibit 2 to the original complaint.

election and spousal waiver forms or the deadline for their submission. (ECF No. 20 Ex. 1 at 8.) Plaintiff executed an application for distribution of pension benefits on August 27, 2009. (ECF No. 20 Ex. 3.) Defendant notes that the actual date of her submission of the document is unknown, but the SPD provides that benefits will begin as soon as administratively feasible following submission of the application. The Plan ultimately paid Plaintiff benefits beginning October 1, 2009. Defendant argues that she cannot state a claim for benefits at a time prior to her submission of an application.

Plaintiff argues that summary plan descriptions cannot form the terms of an ERISA plan, citing CIGNA Corp. v. Amara, 131 S.Ct. 1866 (2011). In that case, the Supreme Court, in the context of holding that ERISA § 502(a)(1)(B) does not permit a court to change the terms of a plan, held that "the summary documents, important as they are, provide communication with beneficiaries *about* the plan, but that their statements do not themselves constitute the *terms* of the plan for purposes of § 502(a)(1)(B)." Id. at 1878.

In this case, however, it was Plaintiff who filed this case, citing language from the SPD to state her claim (albeit the wrong sections of the SPD relating to normal retirement rather than early retirement) in the first instance. She argues that "it is entirely possible that the wording of the pension plan itself differs from the summary plan description, and since the pension plan itself is not a matter of record, defendant's motion to dismiss may not be granted." (ECF No. 23 at 4.) However, as noted above, the Supreme Court has held that mere "possibilities" of misconduct are insufficient to state a claim. Iqbal, 556 U.S. at 679.

Plaintiff has not even alleged that the terms of the Plan differ from the description of the terms in the SPD, nor has she alleged that the Plan itself supports her claim. Under these circumstances, courts have rejected plaintiffs' attempts to rely on hypothetical plan documents

9

that could possibly support their claims. See Faber v. Metropolitan Life Ins. Co., 648 F.3d 98, 107 n.5 (2d Cir. 2011) (when plaintiffs never alleged in their complaint that the summary plan descriptions misrepresented or were inconsistent with the underlying plans, they could not rely on Amara to disavow the terms of the summary plan descriptions). See also Bidwell v. University Med. Ctr., Inc., 685 F.3d 613, 620 n.2 (6th Cir. 2012); McCorkle v. Bank of Am. Corp., 688 F.3d 164, 177 (4th Cir. 2012); Foster v. PPG Indus., Inc., 693 F.3d 1226, 1235 n.5 (10th Cir. 2012).

Plaintiff's counsel filed this case attaching the SPD. Faced with a motion to dismiss that suggested to him the error of his ways, he filed an Amended Complaint that did not attach the SPD. Nevertheless, Defendant properly relies upon it and it is Plaintiff's counsel's burden to allege that the Plan provides for the benefits he contends it does and point to facts that would support such a claim. He has failed to do so.

Finally, Plaintiff alleges that: "Regardless of the actual wording of any documents issued by defendant Plan or PSCOA, defendant Plan has treated members similarly situated to plaintiff [as] if they were entitled to benefits once they reached the age of 50 and are no longer employees of the union." (Am. Compl. ¶ 16.) She attaches an affidavit by Donald McNany, former president of PSCOA, who states that he is familiar with the operations of the Plan (McNany Aff. ¶¶ 3-4).[5] McNany states that:

> I am now 56 years of age, having been born on October 25, 1956.
>
> I began to receive benefits in August of 2010, once I had left the office of union president.
>
> I was entitled to benefits at that time because I was over the age of 50 and

---

[5] ECF No. 19 Ex. 4. Plaintiff calls McNany's affidavit "Exhibit 4" using exhibit numbers sequential to those in the original complaint, although she does not attach Exhibits 1-3 to the Amended Complaint.

> was vested in terms of service requirements.
>
> After I had submitted my application, I received benefits within approximately 30 days retroactive to the date of my application.
>
> I have spoken to Diane DeMarco, the plaintiff in this case, about her situation. I have no explanation for the delay she encountered in receiving her benefits, except that it is my understanding that when she submitted her application, it would have been necessary for Samuel Brezler, Secretary-Treasurer of the PSCOA, to initiate her application for benefits by contacting the pension administrator.
>
> It is my understanding that the pension administrator will not deal directly with any individual applicant for benefits.
>
> It is also my understanding that Mr. Brezler did not forward plaintiff's application for a number of months for reasons of which I am not aware.
>
> It is my understanding that when plaintiff's application was finally approved, her benefits should have been retroactive to March of 2009, which is the month following plaintiff's 50th birthday, as long as she was no longer a union employee.
>
> It is my understanding that Mr. Brezler, Edward McConnell, Executive Vice President of PSCOA, and Percy Poindexter[,] western region Vice president of PSCOA, were all in the same situation as plaintiff and I. It is also my understanding that when each of those individuals left employment by the union and were over the age of 50, each of them submitted an application for pension benefits, each of which was granted, and they were paid for benefits retroactive to their retirement date.

(McNany Aff. ¶¶ 5-13.) Plaintiff argues that Defendant has not denied this allegation, that it "must be accepted as true" and that she "is entitled to explore on discovery why this apparent discrepancy may be true." (ECF No. 23 at 5) (footnote omitted).

Defendant argues that: "ERISA's framework ensures that employee benefit plans be governed by written documents and summary plan descriptions, which are the statutorily established means of informing participants and beneficiaries of the terms of their plan and its benefits." In re Unisys Corp. Retiree Med. Ben. ERISA Litig., 58 F.3d 896, 902 (3d Cir. 1995) (citations omitted). Defendant's argument is meritorious.

Plaintiff's rights under the Plan are contained within the Plan and are enforceable via ERISA. But the statute does not create a freestanding right to enforce some practices that may be used within an organization to enhance those stated in an ERISA plan. In other words, if PSCOA was providing benefits other than those recognized in the Plan or at times earlier than those stated in the Plan, such benefits would not be enforceable by means of ERISA. Thus, her argument based upon McNany's affidavit is irrelevant.

For these reasons, it is recommended that the motion to dismiss filed on behalf of the defendant (ECF No. 20) be granted.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections by March 25, 2013. Any party opposing the objections shall file a response by April 8, 2013. Failure to file timely objections will waive the right of appeal.

Respectfully submitted,

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

Dated: March 11, 2013